UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRINA COLLIER, on behalf of herself and all others similarly situated,<br><br>                                              Plaintiff,<br><br>v.<br><br>DONALD TRUMP, et al.,<br><br>                                              Defendants. | Case No.: 23-cv-1248-DMS-AHG<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR ACCESS TO ELECTRONIC FILING** |

Plaintiff Irina Collier has submitted a Complaint (ECF No. 1) along with a request to proceed in forma pauperis ("IFP"). (ECF No. 2.) Plaintiff additionally filed a motion for access to file electronically. (ECF No. 3.) For the following reasons, Plaintiff's motion to proceed IFP is denied, and Plaintiff's motion for access to electronic filing is denied as moot.

**I.     MOTION TO PROCEED IFP**

A party initiating a civil action must typically pay the required filings fees. *See* 28 U.S.C. § 1914(a).  But a plaintiff can proceed without paying the fee if granted leave to proceed IFP. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous." *O'Loughlin v. Doe*, 920 F.2d 614, 616

(9th Cir. 1990) (citations and quotations omitted).  A complaint is legally "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

Plaintiff's Complaint is frivolous.  Not only does it lack an arguable basis in law or fact, nearly the same exact Complaint has been dismissed in this Court numerous times. *See, e.g.*, *Collier v. Collier*, No. 23-cv-170-DMS, 2023 WL 1767012, at *1 (S.D. Cal. Feb. 3, 2023) (dismissing complaint with prejudice); *Collier v. White*, No. 23-cv-385-RSH (S.D. Cal. Mar. 2, 2023) (dismissing case without prejudice); *Collier v. Sheriff*, No. 23-cv-678-RSH, ECF No. 15 (S.D. Cal.) (denying motion for writ of mandamus); *Collier v. Robertsons, et al.*, No. 23-cv-368-GPC, ECF No. 8 (S.D. Cal.) (S.D. Cal.) (dismissing complaint with prejudice); *Collier v. Collier*, No. 23-cv-1029-AGS, ECF No. 6 (S.D. Cal.) (dismissing complaint with prejudice).  Apart from Plaintiff's filings in this Court, she has filed various lawsuits in federal district courts across the country stemming from the same facts.  *See Collier v. Trump*, No. 1:23-cv-167, ECF No. 4 (N.D. Fla.) (report and recommendation to dismiss complaint without prejudice); *Collier v. President of Stanford et al.*, No. 4:22-cv-5375 (N.D. Cal. Jan. 27, 2023) (dismissing complaint with prejudice and revoking IFP status).[1]

All orders dismissing Plaintiff's complaints were appealed.  All appeals stemming from district court dismissals were dismissed for failure to prosecute, or lack of jurisdiction.

---

[1] The genesis of Plaintiff's federal actions are two California state court actions, out of Santa Clara County.  *See Collier v. Collier*, No. 18FL000889 (Cal. Super. Ct.) (dissolution with minor); *Collier v. Collier*, No. 18DV000161 (Cal. Super. Ct.) (domestic violence prevention with minor).
The Court is aware of at least six civil harassment suits that Plaintiff filed in the recent past.  It is unclear to the Court if these harassment suits stem from similar facts and theories.  *See Collier v. Griscavage*, No. 20-CH-009678 (Cal. Super. Ct.); *Collier v. Newsom*, No. 37-2023-000025211-CU-HR-CTL (Cal. Super. Ct.); *Collier v. Griscavape*, No. 37-2023-00023959-CU-HR-CTL (Cal. Super. Ct.); *Collier v. White*, No. 37-2023-00023952-CU-HR-CTL (Cal. Super. Ct.); *Collier v. Martinez*, No. 37-2023-00023951-CU-HR-CTL (Cal. Super. Ct.); *Collier v. White*, No. 37-2023-00006445-CU-HR-CTL (Cal. Super. Ct.).

Plaintiff has also filed petitions for a writ of mandamus in circuit courts, which have been denied. Thus far, Plaintiff has brought four cases in the Federal Circuit, three of which have been dismissed, and one is still pending. *See Collier v. Univ. of Cal., Berkeley*, No. 22-1442, 2022 WL 1676223, at *1 (Fed. Cir. May 26, 2022) (dismissing petitions for lack of jurisdiction); *In re: Collier*, No. 22-165 (Fed. Cir. Nov. 18, 2022) (dismissing petition for lack of jurisdiction); *Collier v. President of Stanford*, No. 23-1185 (Fed. Cir. Dec. 30, 2022) (dismissing petition for lack of jurisdiction); *Collier v. United States*, No. 23-2052 (Fed. Cir.) (pending). She has filed four cases in the Ninth Circuit, three of which have been dismissed. *See Collier v. Univ. of Cal., Berkeley*, No. 21-15369 (9th Cir.) (under seal); *Collier v. President of Stanford, et al.*, No. 22-16529 (9th Cir. Oct. 21, 2022) (dismissed for lack of jurisdiction); *Collier v. U.S. Dist. Ct.*, No. 22-70255 (9th Cir. Jan. 27, 2023) (petition for writ of mandamus denied); *Collier v. White*, No. 23-55227 (9th Cir. May 9, 2023) (dismissed for failure to prosecute).

And Plaintiff has filed five writs or petitions with the United States Supreme Court. Four were denied, and one is pending. *See Collier v. President of Stanford*, No. 22-7357 (U.S. June 26, 2023) (petition to file writ of certiorari denied); *In re Collier*, No. 22-7362 (U.S. May 15, 2023) (petition for writ of mandamus denied); *In re Irina Collier, Petitioner*, No. 22-6989 (U.S. May 15, 2023) (petition for writ of mandamus denied); *Collier v. Univ. of Cal., Berkeley*, No. 21-7285 (U.S. May 16, 2022) (petition to file writ of certiorari denied); *Collier v. Uni. of Cal., Berkeley*, No. 21M88 (U.S. Mar. 7, 2022) (pending).

Plaintiff's frivolous filings have placed a great burden on this Court, and courts across the country. These lawsuits stem from nearly the same set of facts and the same legal theories in most cases. Many of these orders explain precisely to Plaintiff why her claims cannot proceed in federal court. *See, e.g.*, *Collier*, 2023 WL 1767012, at *2–3. It is unnecessary to repeat those reasons here. As noted in many of the orders cited, Plaintiff's claims are frivolous. The same is true here. Therefore, simply based on the face of the Complaint and Plaintiff's litigation history pursuing the same facts and claims in various

1  federal courts, the Court finds Plaintiff's action is frivolous.  Accordingly, Plaintiff's
2  motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) is **DENIED**.

## II.   CONCLUSION AND ORDER

For these reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP is **DENIED.**
2. Plaintiff's Motion for Access to Electronic Filing is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: August 11, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court