NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**IRINA COLLIER, and for all similarly situated,**
*Plaintiff-Appellant*

v.

**DONALD J. TRUMP, GOVERNOR OF CA NEWSOME, GOVERNOR OF FL, MORGAN CHASE BANK, COLLIER-GARBERS CHURCH, MENSA INC. INTERNATIONAL, CHURCH OF SCIENTOLOGY, MORMON CHURCH, PRESIDENT OF SANDFORD, CHARLES WADE COLLIER,**
*Defendants-Appellees*

_____

2023-2420

_____

Appeal from the United States District Court for the Southern District of California in No. 3:23-cv-01248-DMS-DDL, Chief Judge Dana M. Sabraw.

_____

**ON MOTION**

_____

PER CURIAM.

**O R D E R**

Irina Collier filed this suit in the United States District Court for the Southern District of California against

various individuals and entities, asserting, among other things, a cause of action under the Racketeer Influenced and Corrupt Organizations Act. The district court found Ms. Collier's action frivolous and denied her motion for leave to proceed *in forma pauperis*. In particular, the district court determined that "[n]ot only does [the complaint] lack an arguable basis in law or fact, nearly the same exact [c]omplaint has been dismissed in this Court numerous times." Dkt. 6 at 2; *see also id.* at 3 ("Plaintiff's frivolous filings have placed a great burden on this Court, and courts across the country.").

Ms. Collier then filed a notice of appeal that was transmitted to this court. Because it appeared we lack jurisdiction, we directed the parties to show cause why this case should not be transferred or dismissed. Ms. Collier responded opposing dismissal, ECF No. 15, and separately moved to transfer "to the [multidistrict litigation (MDL)] court in Washington D.C." due to "the newly uncovered conflict of interest." ECF No. 16 at 1; *see also* ECF No. 20 (seeking the same relief). She moved to transfer both this appeal and Appeal No. 2023-2052 "to the MDL court." *Id.* In Appeal No. 2023-2052, this court recently denied her petition for panel rehearing of the court's earlier order summarily affirming the judgment of the United States Court of Federal Claims, denied a similar motion to consolidate her two appeals and transfer to an MDL panel, and issued mandate on February 7, 2024. ECF Nos. 24, 28, 29 in Appeal No. 2023-2052.

This appeal does not fall within the limited authority that Congress granted this court to review decisions of federal district courts. That jurisdiction generally extends to cases arising under the patent laws, *see* 28 U.S.C. § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see* §1295(a)(4)(C); or certain damages claims against the United States "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2); 28 U.S.C.

COLLIER v. TRUMP 3

§ 1292(c)(1). Ms. Collier's complaint raises none of those types of claims. Nor do we find it to be in the "interest of justice" to transfer this case, which is frivolous. 28 U.S.C. § 1631; *Britell v. United States*, 318 F.3d 70, 75 (1st Cir. 2003) ("[I]t is in the interest of justice to dismiss [a frivolous appeal] rather than to keep it on life support (with the inevitable result that the transferee court will pull the plug)." (citation omitted)).

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) All pending motions are denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

February 21, 2024
Date

Jarrett B. Perlow
Clerk of Court